UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　Plaintiff,<br>v.<br><br>DON KRAMER and OAKLAND<br>COUNTY TREASURER,<br>　　　　　　　　　Defendants.<br>_____/ | Case No. 24-10822<br><br>Nancy G. Edmunds<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE (ECF No. 9)

### I.   PROCEDURAL HISTORY

Plaintiff United States of America ("United States") filed this matter on March 29, 2024. (ECF No. 1). On May 10, 2024, Defendant Doron Kramer filed a document. (ECF No. 7). Plaintiff moved to strike this document. (ECF No. 9). The motion is full briefed. (ECF Nos. 10, 12). Defendant then filed a second response to the motion. (ECF No. 14). This case was referred to the undersigned for all pretrial matters. (ECF No. 11).

### II.   BACKGROUND

Defendant is a U.S. citizen in his individual capacity and the trustee for Kramer Christian Trust and the personal representative/heir/or distribute for the Estate of his father, Richard Kramer. (ECF No. 1, PageID.2). On March 20, 2019, Plaintiff brought an action against Kramer to reduce to judgment FBAR penalties

assessed against him for calendar years 2006, 2007, and 2008 for willful failure to timely report his financial interest in several foreign bank accounts. (*Id.* at PageID.3). Plaintiff did not appear in this action, and the Clerk of Court entered default against him and judgment was entered against Defendant. (*Id.*).

Plaintiff then brought this action. It brings claims of fraudulent transfer under the Federal Debt Collection Procedures Act and the Michigan Uniform Voidable Transfers Act, and seeks to enforce the federal tax liens and judgment liens upon Defendant. (ECF No. 1).

On May 10, 2021, 41 days after service of the complaint, Defendant filed a document. (ECF No. 7). In it, Defendant stated "this document is for the purpose of education and keeping parties in honor." (*Id.* at PageID.66). It contains a table of damages "determined by THE GOVERNMENT ITSELF for the violation[s] listed." (*Id.*) (emphasis original). The document then states a number of "prohibited" actions and damages. (*Id.* at PageID.66-70). It says that "[t]he listed laws AUTHORIZE and/or MANDATE removal from public office!" (*Id.* at PageID.71) (emphasis original). It is signed and sealed by a notary public. (*Id.*). Attached is an exhibit subrogation letter by non-party, in which Kramer states he does "not accept any charges, alleged allegations" and claims his jurisdiction is under the authority of god. (*Id.* at PageID.73-75). Defendant then says that Plaintiff uses "words that are unrecognizable to." (*Id.*). He also states a legal

standard and requests release from liabilities, claims, or demands, assumption of debt, and indemnification. (*Id.* at PageID.78). At the end of the letter, he states "I look forward to your support in remediation of the alleged unrecognizable liability(ies) [sic] and debt(s)." (*Id.* at PageID.83). This is followed by a letter from the Internal Revenue Service ("IRS") informing Defendant that he has not filed his tax returns, a financing statement for the Doron Kramer Trust, an indemnity and copyright notice for the trust, a notice concerning fiduciary relationship, a W8BEN Affidavit, and a bond order for $100,000,000.00. (*Id.* at PageID.84-97).

In its motion to strike, Plaintiff states that the document at ECF No. 7 "is little more than a mélange of sovereign citizen and tax protestor rhetoric and pseudolaw [sic] that courts have routinely held to be frivolous, rather than an answer to the allegations" in Plaintiff's complaint. (ECF No. 9, PageID.121). It claims that "the Document should be treated as or otherwise construed to be a pleading that may be stricken . . . because it was filed after Kramer was served with process." (*Id.*). It also states that "the Document bears no possible relation to the case at hand and serves no purpose under the Federal Rules of Civil Procedure, either as an answer to the United States' complaint or a motion to dismiss it." (*Id.* at PageID.126). In Defendant's response, he moves for an order compelling Plaintiff to provide evidence, impose sanctions if Plaintiff fails to comply, dismiss

3

all charges with prejudice, and grant any other relief. (ECF No. 10). In his second response, Plaintiff seeks the same relief. (ECF No. 14). Plaintiff's reply to the first response states that Kramer has not addressed the motion to strike, the Court has jurisdiction over Plaintiff, and the motion for disclosure of evidence is procedurally improper. (ECF No. 12).

For the reasons stated below, Plaintiff's motion to strike is **GRANTED** and Defendant's responses, which are styled as motions, **DENIED AS MOOT**.

### III.   ANALYSIS

Federal Rule of Civil Procedure 12(f) states that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It may do so on its own or on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading. Fed. R. Civ. P. 12(f)(1)-(2). A Rule 12(f) motion is also proper "if it aids in eliminating spurious issues before trial, thereby streamlining the litigation." *Hahn v. Best Recovery Servs., LLC*, 2010 WL 4483375, *2 (E.D. Mich. Nov. 1, 2010) (internal quotation marks and citation omitted). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G & W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015); *see also Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) ("[T]he action of striking a

pleading should be sparingly used by the courts . . . [and] is a drastic remedy to be resorted to only when required for the purposes of justice.").

It is important to note that this rule "is limited to matters contained in pleadings." *Herrerra v. Michigan Dept. of Corr.*, 2011 WL 3862426, *2 (E.D. Mich. July 22, 2011). Federal Rule of Civil Procedure 7(a) states that pleadings can be "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14, and a third-party answer, if a third-party complaint is served." Fed. R. Civ. P. 7(a). "Importantly, the rule provides that, except for a court-ordered reply to an answer, "'[n]o other pleading shall be allowed.'" *Herrerra*, 2011 WL 3862426 at *2. "[M]otions, briefs, and affidavits do not constitute 'pleadings' subject to Rule 12(f)." *Id.*

A party's response to a pleading, such as a complaint, must "(A) state in short and plain terms its defenses to each claim asserted against it; and (B) admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1). "A party that intends in good faith to deny all the allegations of a pleading . . . may do so by a general denial." Fed. R. Civ. P. 8(b)(3). Here, Defendant included a statement that he does not "accept any . . . alleged allegations." (ECF No. 7, PageID.73). This statement will be construed as a general denial to

Plaintiff's allegations in its complaint, and is sufficient to construe Defendant's document as an answer.

Given, then, that Defendant's document is a pleading, Plaintiff's motion to strike is granted. Defendant's document contains frivolous and immaterial information, including statements of jurisdiction under god and several tort claims and requested damages. (ECF No. 7).

Because Defendant is a *pro se* litigant, the Court will give Defendant another chance to file a proper answer. Defendant has 21 days after the date of this Order to file a new answer to Plaintiff's complaint. The answer must comply with all requirements of Fed. R. Civ. P. 8, and should be entitled "Answer to Plaintiff's Complaint." It should contain numbered paragraphs that correspond to the numbered paragraphs in Plaintiff's complaint, and each numbered paragraph should respond, clearly, to all the allegations in the corresponding numbered paragraph in the amended complaint, by admitting, denying, or "denying for lack of sufficient knowledge" each of the allegations. The answer should not contain any frivolous or extra information.

Next, Defendant moves for an order compelling evidence in both his first and second response to the motion to strike. (ECF Nos. 10, 14). Defendant styled these responses as motions. First, because the responses are styled as motions, they should be denied as moot. A party may not move for requests in a response.

E.D. Mich. L.R. 7.1.  Nor does discovery begin until the parties engage in a Fed. R. Civ. P. 26(f) discovery conference, which has not yet occurred.  Thus, discovery requests are premature.  He may file a separate motion, once discovery has commenced, if he seeks to compel discovery.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: October 21, 2024                          s/Curtis Ivy, Jr.
                                                Curtis Ivy, Jr.
                                                United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on October 21, 2024.

s/Sara Krause<br>
Case Manager<br>
(810) 341-7850