UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>                      Plaintiff,<br>v.<br><br>DON KRAMER and OAKLAND<br>COUNTY TREASURER,<br>                      Defendants.<br>_____/ | Case No. 24-10822<br><br>Nancy G. Edmunds<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## ORDER TERMINATING DEFENDANT KRAMER'S LATEST FILING (ECF No. 24)

On October 21, 2024, this Court granted Plaintiff's motion to strike Defendant Don Kramer, a.k.a. Doron Kramer, a.k.a. Donald Kramer's pleading under Federal Rule of Civil Procedure 12(f). (ECF No. 15). Because Kramer also requested an order compelling evidence in two responses to the motion to strike, (ECF Nos. 10, 14), the Court noted that discovery did not begin until the parties engaged in a discovery conference under Rule 26(f). (ECF No. 15). Even so, the Court gave Kramer twenty-one days to file a new answer to Plaintiff's complaint. (*Id.*). In doing so, the Court instructed Kramer precisely how to title his answer and what information the answer should contain. (*Id.*). The Court also stated that "[t]he answer should not contain any frivolous or extra information." (*Id.* at PageID.183). When Kramer did not file a new answer within the time allotted,

Plaintiff requested an entry of default against Kramer, (ECF No. 16); as required under Rule 55(a), the Clerk's Office did so. (ECF No. 17).

A little more than a month later, Kramer submitted a new filing to the Court. (ECF No. 24). For the most part, this filing is practically identical to Kramer's second response to Plaintiff's prior motion to strike. (*Compare* ECF No. 24, PageID.251-52, 256-81 *to* ECF No. 19). The only new material appears under the heading "Complaint to the Court." (ECF No. 24, PageID.252-56). That said, it is unclear what Kramer argues in this section. From the title of the heading, perhaps Kramer asserts counterclaims in this section. As far as the substance, Plaintiff writes that "[s]overeignty is between me and my god," "request[s] that POSITIVE LAW be used," references a lack of personal jurisdiction, and asks for copies of the "Oath of Office" from all court staff, Plaintiff's counsel, the District Attorney's Offices, and others. (*Id.*). Outside of the "Complaint to Court" section, Kramer repeats his earlier, premature request for documents. According to Kramer, these documents are needed because he "do[es] not have enough information to even enter a plea." (ECF No. 24, PageID.259; *see also* ECF No. 19, PageID.212).

Since Kramer's filing is deficient for several reasons, his motion is **DENIED**. First, Kramer has not addressed the entry of default against him. "[D]efendant must request that the default be 'excused' and secure leave to answer before a responsive pleading will be recognized." 10A Alan Wright & Arthur R.

2

Miller, Fed. Prac. & Proc. § 2692 (4th ed. June 2024 Update).  *See also Bush v. Mid-Century Ins. Co.*, No. 3:16-CV-628, 2017 WL 805740, at *2 (E.D. Tenn. Mar. 23, 2017) (citing *Gray v. John Jovino Co., Inc.*, 84 F.R.D. 46, 47 (E.D. Tenn. 1979)) ("[A]ny answer filed by Defendant[ ] cannot be recognized unless the Court excuses th[e] default and gives . . . leave to file.").  "The court may set aside an entry of default for good cause . . . ."  Fed. R. Civ. P. 55(c).  Kramer neither acknowledges the entry of default, nor does he argue that is should be excused.

Second, if Kramer's latest filing is his answer to the complaint, then his filing is untimely.  After striking Kramer's initial pleading, the Court gave him twenty-one days to file an answer.  Because he did not do so, Kramer was in default.  So if Kramer now wishes to file an answer, he must also file a motion to extend the deadline for answering the complaint.

Third, if his latest filing is his answer, then Kramer has not followed the Court's prior instructions.  The filing does not contain numbered paragraphs that correspond to the numbered paragraphs in Plaintiff's complaint—nor does Kramer admit to, deny, or deny for lack of sufficient knowledge the allegations in Plaintiff's complaint.  In direct contradiction to the Court's Order, Kramer's filing included "frivolous [and] extra information."

Fourth, as the Court already instructed Kramer, any discovery at this time would be premature.

Fifth and finally, Kramer seemingly did not seek concurrence with Plaintiff's counsel before submitting his filing which includes the premature discovery motion.  Nor did Kramer state why concurrence, if sought, was not obtained.  His failure to do so violates the Local Rules of this Court.  *See* E.D. Mich. LR 7.1(a)(1)-(2).  If Kramer continues to file motions without seeking concurrence from Plaintiff's counsel, then the Court will impose appropriate sanctions under the Court's Local Rules.  *See* E.D. Mich. LR 7.1(a)(3).

As it stands, Kramer still has not filed an answer to Plaintiff's complaint and remains in default as of the date of this writing.  The Clerk's Office entered default as to Kramer on November 21, 2024, and Plaintiff has not yet moved for default judgment.  Kramer's time to answer the complaint has passed, and thus far he has shown no willingness to engage properly with this litigation and comply with the Court's Orders.  If Plaintiff intends to move for default judgment against Kramer, it must do so by **April 4, 2025**.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which

4

the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 14, 2025            s/Curtis Ivy, Jr.
                                             Curtis Ivy, Jr.
                                             United States Magistrate Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System or by First Class U.S. mail on March 14, 2025.

                                             s/Sara Krause
                                             Case Manager
                                             (810) 341-7850