UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 24-10822 |
| Plaintiff, | Nancy G. Edmunds |
| v. | United States District Judge |
| DON KRAMER and OAKLAND COUNTY TREASURER, | Curtis Ivy, Jr. |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**ORDER ON DEFENDANT KRAMER'S PENDING MOTIONS**
**(ECF Nos. 28, 36, 39, 40)**

Pending before the Court are several motions filed by Defendant Kramer. (ECF Nos. 28, 36, 39, 40). For the following reasons, the motions are each **DENIED**.

To begin with, in the Report and Recommendation filed concurrently with this Order, the undersigned recommended that Plaintiff's motion for default judgment be granted. Accordingly, each of Kramer's motions (ECF Nos. 28, 36, 39, 40) are moot.

The motions themselves also suffer from their own defects which provide independent bases for denying them. Consider first Kramer's filing entitled *Complaint to Court, Motion/Order for Disclosure of Evidence, Reservation of Rights & Remedy, Jurisdictional Challenge, Motion to Immediate Remedy &*

*Notice of Tort* (ECF No. 28). This filing virtually mirrors Kramer's filing at ECF No. 24—a filing the Court terminated because it did not adhere to the Court's instructions on filing proper pleadings, seek to set aside the entry of default, or request additional time to submit proper pleadings. (ECF No. 25). Kramer's prior filing was also defective because it made a premature request for discovery, and Kramer did not seek concurrence before filing it. (*Id.*). The only meaningful difference is that Kramer's new filing at ECF No. 28 adds language on the "legal distinction of complex trust v. statutory trust" as well as a section entitled "Burden of Proof & Discovery Requirement." But these additions do not cure the deficiencies that plagued Kramer's filing at ECF No. 24. Thus, Kramer's motion is **DENIED** for the same reasons set forth in the Court's March 2025 Order. (ECF No. 25).

Kramer's *Motion to Vacate Summary Judgment and Motion for Reconsideration and/or Relief from Judgment* (ECF No 36) is also **DENIED**. The Court has not granted summary judgment in favor of either party, nor has it entered a judgment here. If this filing is designed to seek relief from the pending motion for default judgment, Kramer's filing is premature.

Likewise, Kramer's *Escalated Motion to Compel and Proof of Claim Pursuant to Fed. R. Civ. P. 34, 37 and Due Process Clause* (ECF No. 39) is **DENIED**. As explained in prior Orders (ECF Nos. 15, 25) and in the Report and

2

Recommendation on Plaintiff's motion for default judgment, this case has not progressed to the discovery because of Kramer's refusal to file a proper response to Plaintiff's complaint. The motion to compel discovery is therefore premature.

So too is Kramer's *Motion for Protective Order to Stay Proceedings and Appoint Special Master Pending Plaintiff's Compliance with Discovery* (ECF No. 40). This discovery motion is **DENIED** since discovery has not begun in this case. **IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: January 5, 2026         s/Curtis Ivy, Jr.
                              Curtis Ivy, Jr.
                              United States Magistrate Judge

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on the January 5, 2026, by electronic means and/or ordinary mail.

                                            s/Sara Krause
                                            Case Manager
                                            (810) 341-7850